# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **FREDDIE SHAWN PHILLIPS,** ) | |
| ) | |
| Plaintiff,       ) | Case No. 7:20CV00614 |
| ) | |
| v.                                        ) | **OPINION** |
| ) | |
| **SOUTHWEST VA REGIONAL JAIL**   ) | By: James P. Jones |
| **MEDICAL DEPARTMENT,**            ) | United States District Judge |
| ) | |
| Defendant.     ) | |

*Freddie Shawn Phillips, Pro Se Plaintiff.*

The plaintiff, Freddie Shawn Phillips, a Virginia jail inmate proceeding pro se, filed this action under 42 U.S.C. § 1983. In his Complaint, he alleges that jail officials have deprived him of appropriate medical care for a foot condition.[1] I conclude that the action must be summarily dismissed for failure to state a claim.

Phillips is confined at the Southwest Virginia Regional Jail ("SWVRJ") and alleges the following sequence of events related to his claims. In June 2020, he requested medical attention for "the Bone pushing against the side of [his] foot." Compl. 3, ECF No. 1. After examining Phillips in July 2020, the SWVRJ doctor advised him that he "would need multiple surg[eries] to fix [his] 'Broken foot.'" *Id.*

---

[1] After filing the Complaint, Phillips submitted additional evidence, ECF No. 5. Because this submission adds information and documentation in support of the claims in the Complaint, I will construe and grant it as a Motion to Amend.

Phillips informed the doctor that he did not want to take Mobic, because when he had taken it previously, this medicine "upset [his] Diverticulitis and caus[ed his] ulcers to flare up and bleed." *Id.* He also reported shooting pain from the foot to his hip. The doctor wrapped the problem foot with a woman's Maxie Pad and an Ace bandage[2] and prescribed Mobic, ibuprofen, and "meklizen."[3] *Id.* Phillips refused to take the Mobic. When he asked again for treatment, the doctor refused, because Phillips was not compliant with the prescribed medication. Medical staff advised Phillips that it could take up to a month for the medications to start helping his symptoms.

Phillips continued to complain about his foot through jail grievances. Medical staff have told Phillips that four doctors have examined the foot, that he has an old foot fracture that has healed, that nothing can be done for it now, and that current X rays of his foot have been "normal." Compl. Ex. E, G, ECF No. 5.

Under 42 U.S.C. § 1997e(c)(1), the court may summarily dismiss a § 1983 action brought by a prisoner about prison conditions if the court concludes that it "is frivolous, malicious, [or] fails to state a claim upon which relief can be granted."

---

[2] The doctor also ordered foot soaks for Phillips as future "wound care," but it is unclear whether Phillips regularly sought this treatment. *See* Mot. Am. 2, ECF No. 5.

[3] The medication meclizine, to which Phillips is apparently referring, "is an antihistamine that is used to prevent and treat nausea, vomiting, and dizziness caused by motion sickness." *WebMD*, https://www.webmd.com/drugs/2/drug-4520/meclizine-oral/details (last visited Dec. 28, 2020).

Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *See Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is *plausible* on its face." *Giarrantano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (citation omitted).

Neither the jail nor its medical department, as a group of individuals, can qualify as a "person" subject to being sued under § 1983. *See, e.g., Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (finding that under § 1983, "liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff['s] rights") (internal quotation marks, citation, and alteration omitted). Thus, the only defendant Phillips has identified cannot be sued under § 1983.[4] For that reason, I will summarily dismiss this case without prejudice

---

[4] In any event, it does not appear that Phillips could state facts showing that anyone at SWVRJ violated his constitutional rights so as to be liable to him under § 1983. "[D]eliberate indifference to an inmate's serious medical needs constitutes cruel and unusual punishment under the Eighth Amendment." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014). A prison official is deliberately indifferent if he "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prisoner's disagreements with medical professionals concerning questions of medical judgment, or his allegations that such professionals have been negligent in diagnosis or treatment decisions, are not sufficient to support a finding of deliberate indifference as required for a viable Eighth Amendment claim regarding medical care. *Germain v. Shearin*, 531 F. App'x 392, 395 (4th Cir. 2013) (unpublished); *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."); *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977) (in addressing claim regarding prison medical care, "the

under § 1997e(c)(1) for failure to state a claim upon which relief could be granted. An appropriate order will enter this day. Such a dismissal leaves Phillips free to refile his claim in a new and separate civil action if he can correct the deficiencies described in this opinion.

A separate Final Order will be entered herewith.

DATED: December 28, 2020

/s/ JAMES P. JONES
United States District Judge

---

essential test is one of medical necessity and not simply that which may be considered merely desirable"). Phillips's allegations describe, at the most, his disagreement with the doctors' medical judgments about his condition and the medically necessary care for that condition. Such disagreements are not sufficient support for the deliberate indifference aspect of an actionable Eighth Amendment claim against anyone.